DECEMBER 15, 1874. BROWN *v.* BROWN AND TRUSTEE.

The principal defendant entered into a contract with the trustee to iron carriages for the trustee, for an agreed compensation. During the progress of the work, the defendant, without the consent or knowledge of the trustee (till after the service of the writ upon him), appropriated to his own use stock and materials belonging to the trustee, giving the trustee credit upon his books for the stock so used in the sum of $67.15. The trustee, upon learning of the transaction, did not indicate any disa-vowal of it by instituting any proceedings against the defendant, nor did it appear that he found any fault by reason of it. *Held*, that the act of the defendant might be considered as ratified by the trustee, who was entitled in this proceeding to set off the sum of $67.15 against the amount due the defendant upon said contract.

TRUSTEE PROCESS. It appeared at the hearing before SMITH, J., by the deposition of the trustee, Granville Rowell, taken by the plaintiff, that the principal defendant entered into a written contract to iron twenty-four carriages for the trustee for the sum of $400 ; that during

the performance of said contract the defendant appropriated to his own use stock and materials belonging to the trustee, without the permission of the trustee, and without his knowledge till after the service of the writ upon him. The defendant gave the trustee credit upon his books for the stock so used, in the sum of $67.15. When the principal defendant learned of the existence of this suit, he abandoned the contract, which had been but partially performed. At the time of the service of the writ upon the trustee, he was owing the defendant upon said contract the sum of $8.04, if the trustee is entitled to credit for the sum of $67.15 for the stock so used. But if the trustee is not entitled to such credit, then he is chargeable for the sum of $75.19.

The court held that the trustee was chargeable for $8.04 only, less his costs, and the plaintiff excepted.

The questions thus raised were transferred to this court.

*Brown*, for the plaintiff.

The defendant appropriated to his own use stock and materials belonging to the trustee, without the permission of the trustee, and without his knowledge till after the service of the writ upon him, and gave the trustee credit for the sum of $67.15. This use is a conversion of the trustee's property, and the defendant is liable to the trustee in an action of trespass or trover. "Assuming to one's self the property and right of disposing of another's goods is conversion." *White* v. *Phelps*, 12 N. H. 385; *Gilman* v. *Sanborn*, 36 N. H. 317. Unliquidated damages can in no case be a matter of set-off. *Drew* v. *Towle*, 27 N. H. 427. "By our statute, in order to be entitled to offset, the debts must be mutual"—Gen. Stats., ch. 208, sec. 7 ; *and to be mutual*, they must be due to and from the same persons in the *same capacity.* "Nor can joint and separate debts be set off against each other in suits *in equity*, any more than *at law ;* but there, too, they must exist between the same parties, in their own right, and *be clearly ascertained and liquidated.*" *Brown* v. *Warren*, 43 N. H. 435, and cases there cited.

Liability in assumpsit, and liability in trespass or trover, are not *mutual* liabilities, or demands due in the *same " capacity."* "One of the common and material elementary principles applicable to the doctrine of set-off is, that the claims between the parties should be *mutual in their character*, and should exist *at the time of the commencement of the suit.*" *Wheeler* v. *Emerson*, 45 N. H. 528, and cases there cited.

The trustee says, in his deposition, that he had no knowledge his goods or stock had been used by the defendant till about a week after the service of the plaintiff's writ upon him, and he never gave the defendant any permission whatever to use them ; hence, there was no contract between the trustee and defendant, at the time of the service of the writ, that the defendant might use the trustee's stock. "One whose goods have been taken from him, or detained unlawfully, whereby he has a right to an action of trespass or trover, may, if the wrong-

doer *sell the goods and receive the money*, waive the tort, affirm the sale, and have an action for money had and received for the proceeds." *White* v. *Brooks*, 43 N. H. 408, and cases there cited ; *Smith* v. *Smith*, 43 N. H. 539 ; *Mann* v. *Locke*, 11 N. H. 246, and cases there cited.

The doctrine of waiving a tort and bringing assumpsit is limited to cases where the individual liable in trespass or trover *has sold* the goods unlawfully taken or detained, *and received the money for them.* The deposition of the defendant and that of the trustee disclose the fact that the defendant *used* the trustee's stock. There is no evidence of any sale of the stock, and in fact there was no sale of it ;—hence, the trustee cannot waive the tort after the service of the plaintiff's writ upon him ; the demands are not mutual ;—therefore the trustee cannot set off the sum of $67.15 against the defendant's claim, and must be charged for that sum also.

*Colby & Batchelder*, for the trustee.

1. The contract in this case was but partially performed, and then abandoned, and for that reason the trustee should not be charged. There may be nothing due the defendant under the law applicable to such cases.

2. If the defendant's books are to control as to the amount to be allowed for labor, they should also as to credit to the trustee.

3. The case finds the value of the goods. It is not, then, unliquidated damages, and was not at the commencement of the suit. It stood then as a credit, in a way and for an amount satisfactory to the trustee. The case is in fact one of mutual credit. *Ex parte Prescot*, 1 Atk. 231 ; *Hankey* v. *Smith*, 3 T. R. 507, note.

4. The trustee process is an equitable one, and it would be against justice to charge the trustee for the amount claimed by the plaintiff. The court, in *Boardman* v. *Cushing & Trs.*, 12 N. H. 105, *seq.*, says,—"A trustee has the right of set-off, or to retain for all demands due him from the principal contracted before the service of the process, and payable at the time of the judgment, *and in some cases the court interpose beyond. that.*" We think the power of the court to do what is equitable in such a case as this is here clearly recognized ; and we submit that nothing herein urged by the plaintiff ought to prevail against the equity of this case.

5. If the court should be of opinion that, as the case now stands, the trustee must be charged for the amount claimed by the plaintiff, then we ask a consideration of the question whether the case may be delayed till the trustee obtains a judgment for the value of the goods used by the defendant for the purpose of setting that off against the defendant's labor.

*FOSTER, C. J., C. C. There is no equity in the claim which the

---

* SMITH, J., did not sit.

plaintiff here seeks to enforce by the equitable process of foreign attachment.

It is doubtless well settled, as suggested by the plaintiff's counsel, that, ordinarily, a set-off of unliquidated damages is not allowable; though an unliquidated demand capable of being reduced to a certainty by a simple calculation may be set off. *Drew* v. *Towle*, 27 N. H. 427. The case finds that the defendant, during the performance of his contract with the trustee, and in aid of that performance, " appropriated to his own use stock and materials belonging to the trustee, without the permission of the trustee, and without his knowledge till after the service of the writ upon him." It does not appear that there was any intentional fraud on the part of the defendant, who "gave the trustee credit upon his books for the stock so used in the sum of $67.15." It does not appear but what this was its fair value, nor that the trustee was dissatisfied with the defendant's conduct in this respect, nor that he did not intend to ratify the act, and adopt the valuation placed to his credit by the defendant.

He brought no suit in trespass or trover against the defendant, as he might have done if he had not chosen to adopt, or at least to acquiesce in, the defendant's act.

The damages which the trustee was entitled to recover of the defendant, or to set off against his claim, may, therefore, I think, in this " equitable proceeding," be regarded as liquidated, and as the subject of set-off.

If the trustee had chosen to sue the defendant, in trespass or trover, the amount of damages recoverable would have been greater than that which he now seeks to set off, because a jury would certainly award the value which the defendant himself placed upon the stock, with something additional for its taking or detention. If such an action had been commenced, the court would no doubt have continued the present suit until the trustee's damages had become liquidated; and now, in this " equitable proceeding," we cannot listen to the complaint of the plaintiff that the trustee has not seen fit to seek to increase the amount of the damages, which, sooner or later, he would be entitled to set off against the defendant's claim.

In *Hankey* v. *Smith*, 3 T. R. 507, it was held that " mutual credit may be constituted, though the parties do not mean particularly to trust each other: as, if a bill of exchange accepted by A get into the hands of B, and B buy goods of A, there is mutual credit between A and B, though A do not know that the bill is in B's hands."

Upon the whole, considering the nature and character of this proceeding, I am of the opinion the trustee's claim in set-off should be allowed, and that the ruling of the court below should be affirmed.

CUSHING, C. J. The principal defendant used the stock and materials of the trustee, and gave him credit for them. I understand, from the disclosure, that the trustee elects to ratify this inchoate contract, which, in the absence of any suggestion of fraud or collusion, I think

he has a right to do. The ratification, of course, dates back to the time of the transaction, which being anterior to the service of the trustee process, the trustee can only be charged for the balance remaining in his hands.

LADD, J.   I concur.

*The exceptions must be overruled.*